**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Claude ANDERSON,
Defendant-Appellant.**

**No. 82–2541.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 26, 1983.

Decided Jan. 9, 1984.

Martin W. Kus, LaPorte, Ind., for defendant-appellant.

Jerome J. Frese, Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Before PELL and CUDAHY, Circuit Judges, and WILKINS, Senior District Judge.[*]

PELL, Circuit Judge.

Defendant appeals his conviction by jury trial of armed robbery. 18 U.S.C. § 2113(a), (d). Defendant appeals on the basis of the failure of the trial judge to produce to his counsel the presentence report prepared concerning the chief Government witness. The facts related to this issue are not in controversy.

## I. THE FACTS

On August 25, 1980, two men committed an armed robbery at the Western State Bank in South Bend, Indiana. The authorities arrested one Carletus Scott, who entered a guilty plea to the robbery charge. In exchange for a sentence recommendation, the dismissal of another count arising out of the South Bend incident, and the Government's aid in procuring the dismissal of unrelated charges, Scott agreed to testify against Anderson in connection with the Western State Bank robbery.

Scott was the only witness to identify Anderson as the other person involved in

---

* Philip C. Wilkins, Senior District Judge for the Eastern District of California, is sitting by des-    ignation.

the robbery. Consequently, the question of Scott's credibility became the crucial issue in the trial. On cross-examination of Scott, defense counsel attempted to impeach him, primarily on the grounds of his plea arrangement and Scott's extensive prior history of heroin use. Scott testified that he had quit using heroin before the time of the robbery. Counsel then questioned Scott as to whether the heroin use had resulted in permanent impairment of his memory, and specifically his ability to remember details concerning the robbery. Scott responded that it had not.

Subsequently, pursuant to *United States v. Figurski,* 545 F.2d 389 (4th Cir.1976), counsel requested the trial judge to examine Scott's presentence report to determine whether there was material therein that would contribute to the impeachment of Scott. The two matters as to which he requested impeachment material were Scott's denial that he was still using heroin at the time of the robbery and his assertion that his heroin use had no permanent deleterious effects on his memory. Counsel requested that, if there were such impeachment material in the report, the judge should disclose the impeaching portions to counsel for presentation to the jury as impeachment material. Counsel concluded his request by acknowledging that the interest in confidentiality of presentence reports would prevent any disclosure of the report to counsel if the trial judge found that it had no impeachment value.

The next day, the trial judge reported that there was nothing in the presentence report which would lead to the impeachment of Scott with respect to his heroin use. Counsel conceded at oral argument that he never requested to examine the report to make an independent judgment as to whether he could use the report for impeachment purposes.

## II. THE APPEAL

The only issue that defendant raises on appeal is whether the failure of the trial judge to disclose the presentence report to trial counsel amounted to plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. In general, "a litigant cannot present to this court as a grounds for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide." *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1333 (7th Cir.1977), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467. *See United States v. Socony Vacuum,* 310 U.S. 150, 238–39, 60 S.Ct. 811, 851–52, 84 L.Ed. 1129 (1940). Nonetheless, Rule 52(b) provides: "Plain errors or errors affecting substantial rights may be noticed although they were not brought to the attention of the court." Since defendant failed to raise this claim below, we must evaluate his argument under the plain error standard. Defendant, in effect, requests this court to extend prior case law to require a trial judge to disclose the reports automatically. If the trial judge need not have disclosed the report even had the defendant requested it, then there would be no plain error in the judge's failure to disclose in this case, where there was no request.

The starting point for defendant's analysis is the *Figurski* case. Figurski claimed that the presentence report of an unindicted coconspirator who testified against him was necessary to effective cross-examination. The court analyzed the competing interests underlying the rule governing the preparation and disclosure of presentence reports. Fed.R.Crim.P. 32(c)(3). Although the rule mandates disclosure to a defendant who is the subject of a presentence report, the rule is silent about disclosure to one who is not the subject of the report. The court stated that the report "should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." 545 F.2d at 391; *quoting Hancock Brothers, Inc. v. Jones,* 293 F.Supp. 1229, 1233 (N.D.Cal.1968).

The court recognized that witness credibility is often an important issue, especially when the witness is a partner in crime with the accused; in such cases, the witness' testimony "may be shaded to curry favorable treatment rather than premised upon

an overriding concern for the truth." 545 F.2d at 391. The court then distinguished between presentence reports of witnesses that contain exculpatory material with respect to the defendant, in which case the material "must be disclosed," and reports containing material that impeaches the witness, in which case:

> disclosure is required only when there is a reasonable likelihood of affecting the trier of fact. Whether there is such a likelihood depends upon a number of factors such as the importance of the witness to the government's case, the extent to which the witness has already been impeached, and the significance of the new impeaching material on the witness' credibility....
>
> It follows that, when requested to exhibit such a report, the district court should examine *in camera* and disclose only those portions, if less than all, of the report which meet the test we prescribe. If exhibition is denied, the denial should be an informed one based upon the district court's conclusion that the information contained therein fails to meet the prescribed test.

*Id.* at 591–92. *See also United States v. Evans,* 454 F.2d 813, 819–20 (8th Cir.1972), *cert. denied,* 406 U.S. 969, 92 S.Ct. 2423, 32 L.Ed.2d 668.

Thus, the Fifth Circuit balanced the interest in the confidentiality of presentence reports with the concern that a jury reach a verdict based on the full truth. We have previously adopted the *Figurski* approach in this circuit to answer a defendant's request that a trial judge disclose a presentence report of a Government informer for impeachment purposes. *United States v. Cyphers,* 553 F.2d 1064, 1069 (7th Cir.1977), *cert. denied,* 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107. We noted the critical importance of preserving the secrecy of presentence reports. *See also United States v. Greathouse,* 484 F.2d 805, 807 (7th Cir.1973). We went on to hold that two factors prevented Cyphers from suffering prejudice due to the nondisclosure of the presentence report: first, the trial judge's *in camera* determination that there was no impeach-

ment material in the report; and, second, the alternative methods available for the defense to impeach the witness on cross-examination. *Accord United States ex rel. Blackwell v. Franzen,* 688 F.2d 496, 501 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1529, 75 L.Ed.2d 950 (1983).

■ Defendant's request that we extend *Figurski* and *Cyphers* to create a duty in the trial courts to disclose presentence reports about witnesses at the mere request of a criminal defendant is rejected. Rather, we uphold the mechanism set forth in *Figurski* and adopted by this court in *Cyphers.* When a defendant suspects that a witness' presentence report contains impeachment material, he should request the trial court to make an *in camera* examination of the report. If the examination reveals no impeachment material, the judge should so state; in that case, the trial judge should reveal no portion of the presentence report to defense counsel. If there is any impeachment material in the report, the judge should reveal to the defendant only the portions of the report that contain the impeaching material.

■ The procedure requested by defense counsel below and followed by the trial judge was identical to the one approved by this court in *Cyphers,* where we held that the trial court's *in camera* examination of the presentence report in combination with alternative avenues of impeachment did not deprive the defendant of an effective defense. In the trial below, the court did examine *in camera* Scott's presentence report, from which it concluded that there was no impeachment material. Furthermore, defense counsel subjected Scott to rigorous cross-examination in which he elicited testimony about Scott's drug history and his plea bargain with the prosecution. Consequently, he was denied neither his due process rights nor the effective assistance of counsel.

Any broader disclosure requirement, such as that requested by the defendant on appeal, would upset the delicate balance underlying Rule 32(c)(3). Confidentiality of

presentence reports is vitally important to the efficacy of the sentencing process. Of course, to prevent a trial judge from imposing sentence based upon inaccurate information, a defendant generally may examine his own presentence report and is always entitled to know the substance of factual information to be relied upon in sentencing. *See United States v. Scalzo,* 716 F.2d 463, 466–68 (7th Cir.1983). When a defendant requests a presentence report not of himself, but of a witness, then the *Figurski* approach assures the defendant's procedural due process rights. The critical importance of maintaining the confidentiality of presentence reports commands nothing less.

We hold, therefore, that the trial court did not commit plain error in failing to turn over to defense counsel the presentence report prepared in Scott's case. There is not a scintilla of evidence before this court to suggest that the trial judge abused his discretion in failing to disclose the report to defense counsel.

There perhaps is an implicit assertion in Anderson's position that the trial court abused its discretion in concluding that the report contained no impeachment material. An appellate court must determine the correctness or the incorrectness of trial proceedings as they are revealed in the record furnished. Thus, when an assertion is put forth that a trial court has abused its discretion such must be reflected in the appellate record. As we have already said, the record brought to us is totally lacking in support of an abuse of discretion in not making the presentence report available. It is not our duty to search beyond the record to see if some basis for a reversal exists because of a claimed error which has no foundation other than speculation. It is the duty of an appellant to bring the record to this court to support each claim for reversal. We have examined that record. The appellant could have made the presentence report a part of the record as an *in camera* exhibit. He chose not to do so. No doubt he entertained the idea, as do we, that the district judge fairly and conscientiously examined the report and correctly found no basis for rending the confidential curtain.

For the reasons set forth in the foregoing opinion, the judgment of conviction is

AFFIRMED.