806 F.2d 1411
 Kenneth Michael JULIAN, Plaintiff-Appellee,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellant.
Margaret J. WALLACE, Plaintiff-Appellee,
v.
UNITED STATES PAROLE COMMISSION, and Charles Turnbo, Warden,
F.C.I., Pleasanton, CA, Defendants-Appellants.
 Nos. 85-2649, 85-2751.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 11, 1986.
Decided Dec. 30, 1986.
 
 Kenneth Michael Julian, Safford, Ariz., John S. Newberry, Staff Atty., Kansas City, Mo., Margaret J. Wallace, Hollywood, Cal., for plaintiff-appellee.
 Richard K. Willard, Asst. Atty. Gen., Stephen M. McNamee, Joseph P. Russoniello, U.S. Attys., Leonard Schitman, Sandra Wien Simon, Attys., Appellate Staff, Dept. of Justice, Washington, D.C., for defendant-appellant.
 On Appeal from the United States District Court for the District of Arizona.
 On Appeal from the United States District Court for the Northern District of California.
 Before WALLACE, ALARCON and BEEZER, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Kenneth Michael Julian and Margaret J. Wallace requested copies of their presentence investigation reports under the Freedom of Information Act, 5 U.S.C. Sec. 552. In separate summary judgment motions Julian and Wallace obtained orders requiring release of the reports. The government has appealed both judgments and the cases have been consolidated. We affirm.
 
 
 2
 * On November 1, 1984, Wallace, who was at that time incarcerated, made a request under the Freedom Of Information Act (FOIA) for disclosure of all records pertaining to her in possession of the United States Parole Commission. On March 25, 1985, the Commission sent Wallace all of the relevant documents she had requested except for her presentence investigation report. Wallace filed suit seeking a copy of this report and on September 6, 1985, Judge Henderson ordered the presentence report released.
 
 
 3
 Julian, who is currently incarcerated, requested a copy of his presentence investigation report on October 17, 1984. This request was denied, prompting Julian to appeal to the Department of Justice, Office of Information and Privacy, which refused his request. Julian filed suit on January 30, 1985. On August 5, 1985, Judge Bilby granted Julian's motion for summary judgment and held that there was no basis to withhold the presentence investigation report.
 
 II
 
 4
 The probation service of a district court compiles presentence investigation reports after a criminal defendant has been found guilty. The report contains detailed factual information concerning the criminal record and background of the defendant. The report includes inter alia: 1) the defendant's official arrest and conviction record; 2) an official version of the offense in question obtained from the United States Attorney; 3) information concerning harm or loss suffered by the victim of the crime; 4) information on the defendant's contacts with the military, schools, banks, and credit bureaus; 5) summaries of interviews with social service agencies, employers, family and friends; and 6) clinical evaluations of the defendant's physical and mental health. The report concludes with the probation officer's sentencing recommendation. Fennell and Hall, Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports In Federal Courts, 93 Harv.L.Rev. 1615, 1623 (1980).
 
 
 5
 The presentence report serves three purposes. The district court considers the report while formulating a sentencing decision. Second, if the convicted defendant is incarcerated, the report accompanies him to the correctional institution, where the Bureau of Prisons utilizes the contents of the report to classify the prisoner for the facility and to determine an appropriate treatment program. There is no statutory directive that the Probation Service furnish a copy of the report to the Bureau of Prisons, but it does so. Finally, the Parole Commission considers the report when it makes its parole eligibility determination.
 
 
 6
 The convicted defendant has several opportunities to read his presentence investigation report. Under Federal Rule of Criminal Procedure 32(c)(3), the convicted defendant and his attorney may examine all or certain portions of the report a reasonable time before sentencing. Rule 32(c)(3) states in pertinent part,
 
 
 7
 (A) At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons.
 
 
 8
 Judges must provide an oral or written summary of any exempted information which they rely on in sentencing decisions and provide the defendant or his counsel an opportunity to comment on the summary. Fed.R.Crim.P. 32(c)(3)(B). The convicted defendant may not keep a copy of the report. Fed.R.Crim.P. 32(c)(3)(E). However, he may take extensive or verbatim notes from the report if he so chooses. Fennell and Hall, supra at 1646-47.
 
 
 9
 The convicted defendant has a second opportunity to view the report after he has been incarcerated and before his parole hearing. The Parole Commission and Reorganization Act of 1976, 18 U.S.C. Sec. 4201, et seq. (PCRA), dictates the procedures for disclosing the report at this stage. The disclosure procedures applicable during the parole eligibility process mirror the procedures applicable during sentencing. 18 U.S.C. Sec. 4208(b) provides in part:
 
 
 10
 (b) At least thirty days prior to any parole determination proceeding, the prisoner shall be provided with (1) written notice of the time and place of the proceeding, and (2) reasonable access to a report or other document to be used by the Commission in making its determination.
 
 
 11
 The statute identifies certain types of information which shall not be revealed to the convicted defendant except in summary form. These exempted items are identical to those listed in Rule 32(c)(3).[1] A prisoner may obtain a copy of his presentence report during the parole hearing process, but only if the sentencing court which prepared the report consents. 28 C.F.R. Sec. 2.56(b) (1985).
 
 
 12
 The government contends that presentence investigation reports are exempt from disclosure under FOIA provisions 5 U.S.C. Sec. 552(b)(3) (hereinafter "Exemption 3") and 5 U.S.C. Sec. 552(b)(5) (hereinafter "Exemption 5"). Alternatively, the government argues that FOIA is displaced by the special statutory procedures for obtaining presentence investigation reports set forth in Fed.R.Crim.P. 32(c)(3) and 18 U.S.C. Sec. 4208. The district courts rejected these claims. Because this case involves questions of law, we review de novo. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 III
 
 13
 Presentence investigation reports are "agency records" when they are in the possession of the Parole Commission. Fendler v. United States Parole Commission, 774 F.2d 975, 977 (9th Cir.1985); Berry v. Department of Justice, 733 F.2d 1343, 1349 (9th Cir.1984). The government has not argued to the contrary in this case.[2] Consequently, the Commission must disclose presentence reports to prisoners unless it can demonstrate that they fall within one of FOIA's nine enumerated exemptions. United States v. Weber Aircraft Corp., 465 U.S. 792, 793-94, 104 S.Ct. 1488, 1489, 79 L.Ed.2d 814 (1984). FOIA is to be liberally construed in favor of disclosure and its exemptions narrowly construed. FBI v. Abramson, 456 U.S. 615, 630-31, 102 S.Ct. 2054, 2063-64, 72 L.Ed.2d 376 (1982) (citing Department of Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976)).
 
 
 14
 We are required to decide whether FOIA provides a per se exemption for withholding an entire presentence report when it is requested by the subject of the report. There is no doubt that portions of the report may be withheld. Both Rule 32(c)(3) and PCRA authorize the withholding of certain classes of information which appear in the presentence report. The probation officer's sentencing recommendation, diagnostic opinions which might disrupt the prisoner's rehabilitation if disclosed, and information obtained upon a promise of confidentiality may all be withheld pursuant to Rule 32(c)(3) and PCRA. FOIA does not override these provisions. In fact, it ensures their vitality.[3] However, FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. Sec. 552(b). Thus, the Parole Commission has a duty under FOIA to release any nonexempt, segregable portions of a presentence investigation report to the requesting party. The burden is on the Commission to justify nondisclosure. FBI v. Abramson, 456 U.S. 615, 626, 102 S.Ct. 2054, 2061, 72 L.Ed.2d 376 (1982); NLRB v. Robbins Tire and Rubber Co., 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978); Lykins v. United States Department of Justice, 725 F.2d 1455, 1462-63 (D.C.Cir.1984).
 
 
 15
 We conclude that neither Exemption 3 nor Exemption 5 provides a blanket exemption for presentence investigation reports. We recognize that the process of segregating nonexempt information from exempt information, and furnishing the nonexempt data to prisoners may be time consuming and expensive, but we are bound by the express language of 5 U.S.C. Sec. 552(b). We expressly limit our holding to FOIA requests made by the subject of the presentence investigation report. FOIA exemptions which are inapplicable in this context may be applicable to third party requests for presentence reports. See infra n. 4.
 
 A. Exemption 3
 
 16
 The statutory framework of FOIA requires the disclosure of agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in 5 U.S.C. Sec. 552(b); United States v. Weber Aircraft Corp., 465 U.S. 792, 793-94, 104 S.Ct. 1488, 1489, 79 L.Ed.2d 814 (1984). Pursuant to Exemption 3, records may be withheld from disclosure that are
 
 
 17
 [S]pecifically exempted from disclosure by statute (other than section 552b of this title) provided that such statute (A) requires that the matters be withheld from public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.
 
 
 18
 5 U.S.C. Sec. 552(b)(3). The government argues that Fed.R.Crim.P. 32(c)(3) and PCRA Sec. 4208(c) specifically exempt presentence investigation reports from disclosure.
 
 
 19
 Neither Rule 32(c)(3) nor section 4208 of the PCRA establish complete exemptions. Each provision requires that presentence reports be disclosed to convicted defendants. In fact, Rule 32 was amended in 1983 to require disclosure to the defendant and his attorney even when they fail to request disclosure. This change in Rule 32 was prompted by findings that the disclosure of presentence reports was insufficient under the pre-1983 version of the rule to ensure accuracy of sentencing information. Fed.R.Crim.P. 32 advisory committee note. Thus, the provisions are exempting statutes only in the sense that they identify subclasses of information within the entire report that may be withheld.
 
 
 20
 Berry v. Department of Justice, 733 F.2d 1343 (9th Cir.1984)., was primarily concerned with the issue of whether presentence reports were agency records. In Berry we also considered the scope of Exemption 3 in response to the government's claim that dissemination of presentence reports would improperly intrude on the prisoner's right to privacy and undermine the government's efforts to rehabilitate prisoners.[4] We found that PCRA was designed to maintain the confidentiality of specific portions of presentence reports and was therefore a withholding statute under Exemption 3. Id at 1354. However, we concluded only that "potentially harmful parts of the presentence report and Report on Sentenced Offender will not be disclosed under the FOIA." Id. (emphasis added). The clear implication of our holding in Berry was that Exemption 3 was not a valid basis for a per se exemption for presentence reports, but only allowed the withholding of those specific types of information expressly identified in section 4208(c) of PCRA.
 
 
 21
 Accordingly, we conclude that Exemption 3 permits withholding the probation officer's sentencing recommendation, diagnostic opinions which might disrupt the inmate's rehabilitation if disclosed, and information obtained on a promise of confidentiality and any other information which, if disclosed, might result in harm to any person. If there is data contained in the report which falls within the purview of section 4208(c), it may be withheld pursuant to Exemption 3. However, the Commission has a duty to supply the FOIA applicant "[a]ny reasonably segregable portion of a record ... after deletion of the portions which are exempt." 5 U.S.C. Sec. 552(b). A presentence report containing none of the items specified in section 4208(c) should be disclosed in its entirety. The government bears the burden of justifying nondisclosure of any withheld records or segments of records. NLRB v. Robbins Tire and Rubber Co., 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978); Lykins v. United States Department of Justice, 725 F.2d 1455, 1462-63 (D.C.Cir.1984).
 
 B. Exemption 5
 
 22
 Title 5, United States Code, section 552(b)(5) exempts from FOIA disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The government contends that presentence investigation reports are exempt under this provision.
 
 
 23
 On its face, Exemption 5 could encompass virtually everything an agency reduces to writing. Note, The Freedom of Information Act and The Exemption for Intra-Agency Memoranda, 86 Harv.L.Rev. 1047, 1048 (1973). The provision has been construed narrowly to "exempt those documents, and only those documents, normally privileged in the civil discovery context." NLRB v. Sears, Roebuck and Co., 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975). Thus, to invoke the protection of Exemption 5 the government must identify a privilege which it "enjoys under the relevant statutory and case law in the pretrial discovery context." Renegotiation Board v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed.2d 57 (1975).
 
 
 24
 The Court of Appeals for the District of Columbia recently concluded that presentence reports fell within the purview of Exemption 5. Durns v. Bureau of Prisons, 804 F.2d 701, 702 (D.C.Cir.1986). Our analysis leads us to an opposite conclusion.[5]
 
 
 25
 The government has failed to identify an existing statutory or common law privilege that exempts presentence reports from discovery. The government apparently claims that section 4208(c) of PCRA and Rule 32(c)(3) create such a privilege or, in the alternative, that such a privilege may be inferred from a line of criminal cases where defendants requested presentence reports of codefendants to be used for impeachment purposes.
 
 
 26
 Rule 32 and PCRA do not create a civil discovery privilege. Both provisions mandate the disclosure of presentence reports to the subject of the report to ensure the report's accuracy. Each provision exempts a narrow class of information. However, these narrow exemptions do not create a blanket privilege for the entire report.
 
 
 27
 The government claims that a line of criminal cases creates a common law discovery privilege which justifies withholding presentence reports from the subject of the report. These cases hold that when a defendant requests a copy of a witness's presentence report for the purpose of impeaching the witness, the report will be disclosed only if it is necessary to meet the ends of justice.[6] These cases are inapposite when the party requesting the presentence report is the subject of the report. In the seminal decision on this subject, the Fourth Circuit stated
 
 
 28
 Rule 32(c)(3), F.R.Cr.P., relates to the disclosure of presentence reports, and it is applicable to reports made by the Bureau of Prisons under 18 U.S.C. Sec. 4208(b). Rule 32(c)(3)(E). In general, the rule provides for the disclosure of such reports to a defendant who is the subject of the report, or his counsel, except for certain information and recommendations that may be withheld. The rule is silent about disclosure to anyone else. We are in accord with the construction placed on the rule in Hancock Brothers, Inc. v. Jones, 293 F.Supp. 1229, 1233 (N.D.Cal.1968): "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice."
 
 
 29
 United States v. Figurski, 545 F.2d 389, 391 (4th Cir.1976) (emphasis added). See also Fennell and Hall, supra at 1683-84. The Figurski court recognized that Rule 32 and section 4208 require the disclosure of presentence reports to the subject of the report but that these provisions offer no guidance governing the disclosure of reports to third parties. Accordingly, the Fourth Circuit fashioned a different rule concerning disclosure requests made by third parties. However, the Fourth Circuit refused to tamper with the standards controlling disclosure to the subject of the report. Figurski and its progeny do not create a privilege which justifies withholding presentence reports when a FOIA request is made by the subject of the report. See also United States v. Charmer Industries, Inc., 711 F.2d 1164, 1172-73 (2d Cir.1983). In fact, Figurski expressly disavows this result.[7]
 
 
 30
 A rule that presentence reports are exempt from disclosure would not further the objectives underlying Exemption 5. Exemption 5 was created to prevent the disruption of a free flow of ideas, opinions, advice and frank discussions within agencies concerning their policies and programs. See S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965); H.R.Rep. No. 1497, 89th Cong., 2d Sess. 10 (1966), U.S.Code Cong. & Admin.News 1966, p. 2418. In furtherance of this objective the courts have allowed the government to withhold memoranda containing advice, opinions, recommendations and subjective analysis. Note, supra at 1049. However, communications containing purely factual material are not typically within the purview of Exemption 5. In EPA v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119, the Supreme Court held that
 
 
 31
 in the absence of a claim that disclosure would jeopardize state secrets, memoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context would generally be available for discovery by private parties in litigation with the Government.
 
 
 32
 EPA v. Mink, 410 U.S. at 87-88, 93 S.Ct. at 836 (citations omitted). See also Mead Data Central, Inc. v. United States Department of the Air Force, 566 F.2d 242, 256 (D.C.Cir.1977) ("Under this facet of exemption five, the courts have required disclosure of essentially factual material but allowed agencies to withhold documents which reveal their deliberative or policy-making processes").
 
 
 33
 A presentence investigation report is composed primarily of factual data about the prisoner. See supra p. 1414. This essentially factual, nonprivileged material may not be withheld under Exemption 5. United States v. Weber Aircraft Corp., 465 U.S. at 800 n. 17, 104 S.Ct. at 1493 n. 17 (1984). Presentence reports exhibit none of the traditional indicia of privileged documents. They are not prepared with an expectation of secrecy.
 
 
 34
 In EPA v. Mink, the Supreme Court further observed that
 
 
 35
 Exemption 5 ... requires different treatment for materials reflecting deliberative or policy making processes on the one hand, and purely factual, investigative matters on the other.
 
 
 36
 Mink, 410 U.S. at 89, 93 S.Ct. at 837. The process of compiling presentence reports is primarily factual and investigative. Disclosure of presentence reports will not chill deliberative or policy-making processes. The government contends that disclosing the reports will hamper its efforts in obtaining information from confidential sources. This claim is untenable. Both Rule 32 and section 4208 of PCRA authorize withholding "information obtained upon a promise of confidentiality." Moreover, FOIA Exemption 7 allows withholding records which would "disclose the identity of a confidential source." 5 U.S.C. Sec. 552(b)(7)(D). Thus, the government's resort to Exemption 5 for protection of data acquired from confidential sources is unnecessary.
 
 
 37
 We do not conclude that factual material can never qualify for protection under Exemption 5. We only hold that Exemption 5 does not create a per se exemption for presentence reports.
 
 C. PCRA and Rule 32 Do Not Supersede FOIA
 
 38
 The government's final claim is that section 4208 and Rule 32(c)(3)(E) constitute an alternative disclosure scheme and, as such, supersede FOIA.
 
 
 39
 We addressed a similar argument in Long v. IRS, 742 F.2d 1173 (9th Cir.1984). In Long, the IRS argued that the Internal Revenue Code sections governing the confidentiality and disclosure of tax returns, 26 U.S.C. Sec. 6103, preempted FOIA and provided the sole standard for disclosure of returns. We examined the text of section 6103 and its legislative history and found nothing to indicate that Congress intended section 6103 to operate independently of FOIA. Accordingly, we rejected the government's claim. Long, 742 F.2d at 1177.
 
 
 40
 Our analysis in Long requires us to find that FOIA is not implicitly supplanted by Rule 32 and section 4208 of PCRA. Nothing in the text of either provision or the legislative history of PCRA supports the claim that Congress intended to supersede FOIA.
 
 
 41
 The government relies on Ricchio v. Kline, 773 F.2d 1389 (D.C.Cir.1985), to support its contention that Rule 32 and PCRA supersede FOIA. In Ricchio the Court of Appeals for the District of Columbia held that a doctoral candidate's request of transcripts of tape recordings of White House conversations involving former President Nixon was governed by the Presidential Records and Materials Preservation Act, 44 U.S.C. Sec. 2111, rather than FOIA. Without passing on the wisdom of this decision we observe that a more compelling argument for displacing FOIA could be made in Ricchio than in the instant case. The Materials Preservation Act, unlike PCRA, is a comprehensive, detailed and carefully tailored provision governing disclosure of Presidential records. In addition, the legislative history of the MPA indicates that Congress intended it to displace FOIA. Ricchio, 773 F.2d at 1392 (quoting H.R.Rep. No. 1507, 93 Cong., 2d Sess. 1 (1974)). In contrast, the scheme prescribed by Rule 32 and section 4208 does not approximate the specificity or particularity required to displace FOIA. Thus, we find that Ricchio is inapposite.
 
 
 42
 The judgments of the district courts are AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 4208(c) provides that "subparagraph (2) of subsection (b) shall not apply to--(1) diagnostic opinions which, if made known to the eligible prisoner, could lead to a serious disruption of his institutional program; (2) any document which reveals sources of information obtained upon a promise of confidentiality; or (3) any other information which, if disclosed, might result in harm, physical or otherwise, to any person."
 
 
 [2]
 Until recently the government asserted that presentence reports are not agency records since they are initially prepared by courts, which are not viewed as agencies under 5 U.S.C. Sec. 551(1)(B). We rejected this argument in Berry v. Department of Justice, 733 F.2d 1343, 1349 (9th Cir.1984) (concluding that "court-generated documents are agency records if they are 1) in the possession of an agency and 2) prepared substantially to be relied upon in agency decisionmaking"). The First Circuit reached the opposite conclusion in Crooker v. United States Parole Commission, 730 F.2d 1 (1st Cir.), vacated and remanded, 469 U.S. 926, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984). The government abandoned its contention that presentence reports held by the Parole Commission are not agency records in the Solicitor General's certiorari petition in Crooker
 
 
 [3]
 FOIA Exemption 3 allows the withholding of "matters that are specifically exempted from disclosure by statute." 5 U.S.C. Sec. 552(b)(3)
 
 
 [4]
 The government hypothesized in Berry and in the case at bar that if presentence reports are subject to disclosure under FOIA, there will be an avalanche of requests by third parties seeking prisoners' reports, who under FOIA will have just as much right to copies of the reports as the subjects of the reports themselves. Initially, FOIA Exemption 6, 5 U.S.C. Sec. 552(b)(6), which exempts the disclosure of records "which would constitute a clearly unwarranted invasion of personal privacy" may provide an exemption for requests by third parties. A presentence report typically contains highly personal data and its disclosure to third parties could constitute an unwarranted invasion of the subject's privacy. The exemption is inapplicable when the FOIA request is made by the subject of the report. Moreover, despite the government's forecast of doom, history has shown that third party requests for presentence reports are uncommon. Berry, 733 F.2d at 1352
 
 
 [5]
 The Court of Appeals for the District of Columbia found two recent Supreme Court cases addressing the scope of Exemption 5 persuasive. In United States v. Weber Aircraft Corp., 465 U.S. 792, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984) the Court held that confidential statements obtained during an Air Force investigation of an airplane crash were protected from disclosure under Exemption 5. Such statements are privileged from discovery under the well-established rule of Machin v. Zuckert, 316 F.2d 336 (D.C.Cir.), cert. denied, 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963). Similarly, in FTC v. Grolier, Inc., 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983), the Supreme Court concluded that Exemption 5 encompasses the attorney work-product rule. In both cases the Supreme Court applied Exemption 5 only after identifying a well recognized privilege. We do not find an established privilege in this case
 
 
 [6]
 See United States v. Anderson, 724 F.2d 596 (7th Cir.1984); United States v. Charmer Indus., Inc., 711 F.2d 1164 (2d Cir.1983); United States v. Martinello, 556 F.2d 1215 (5th Cir.1977); United States v. Cyphers, 553 F.2d 1064 (7th Cir.), cert. denied, 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107 (1977); United States v. Dingle, 546 F.2d 1378 (10th Cir.1976); United States v. Figurski, 545 F.2d 389 (4th Cir.1976); United States v. Walker, 491 F.2d 236 (9th Cir.), cert. denied, 416 U.S. 990, 94 S.Ct. 2399, 40 L.Ed.2d 769 (1974)
 
 
 [7]
 Even if the government could identify a common law or statutory privilege, it has waived its right to assert that privilege. Rule 32 and section 4208 of PCRA constitute a Congressional mandate which waives the government's privilege to withhold presentence reports from the subject of the report. The mandate is grounded in Congress' belief that convicted defendants must have an opportunity to read their presentence reports in order to ensure the accuracy of the information contained therein. The government asserts that there can be no waiver because convicted defendants, who are permitted to read their reports, are not allowed to copy them. This argument is meritless. In Berry we stated that "FOIA speaks in terms of disclosure and nondisclosure. It does not recognize degrees of disclosure, such as permitting viewing, but not copying, of documents." Berry, 733 F.2d at 1355 n. 19. Thus, under FOIA, the government's required disclosure pursuant to Rule 32 and section 4208 of PCRA constitutes a waiver. It is irrelevant that the prisoners have never had the opportunity to copy their reports. Cf. North Dakota ex rel. Olson v. Andrus, 581 F.2d 177 (8th Cir.1978) (government waived right to claim privilege pursuant to Exemption 5 after voluntarily disclosing documents requested by North Dakota to the National Audobon Society in separate litigation)