UNITED STATES of America, Appellee,

v.

**John Burton DeVORE, Jr., Appellant.**

**No. 87–1665.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1987.

Decided Feb. 26, 1988.

---

Michael J. Higgins, Omaha, Neb., for appellant.

John Paul Pendley, Omaha, Neb., for appellee.

Before JOHN R. GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Appellant, John B. DeVore, was convicted by a jury of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (b), and (d) (1987); one count of using a deadly weapon in the commission of a violent federal crime in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(h).[1] The district court[2] sentenced DeVore to a total of fifteen years' imprisonment. On appeal, DeVore argues four grounds for reversal: (1) prosecutorial misconduct during the government's closing arguments; (2) abuse of discretion by the district court in turning over only part of a former co-defendant's presentence investigation report (PSI); (3) error in admitting evidence of past crimes under Fed.R. Evid. 609; and (4) improper bolstering of a government witness. We affirm.

**I**

DeVore was arrested for the robbery of the Westroads Shopping Center Branch of the Commercial Federal Savings and Loan Association in Omaha, Nebraska, on September 30, 1986. After being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), he told the authorities that he was with his girlfriend at the time of the robbery. At trial, DeVore testified that he was not with his girlfriend at the time of the robbery but rather was at a gas station inquiring about the condition of his car. In his closing argument, the prosecutor attacked DeVore's credibility as a witness, commenting that DeVore's new alibi was at odds with the testimony of the other witnesses. The prosecutor also stated:

> [W]hy does a person who is accused of armed robbery, who has an alibi, keep that alibi to himself for five months, nev-

1. The district court instructed the jury and sentenced DeVore under the pre-1986 amendment version of section 922. Under the revised section 922, effective September 16, 1986, subsection (h) became incorporated in subsection (g). *See* 18 U.S.C. § 922(g) and notes (Supp.1987). DeVore should have been tried and sentenced under section 922(g). The relevant wording of the two sections is identical, however, and neither party raised the matter on appeal. We note

that this clerical error caused no prejudice to DeVore and consider it immaterial and harmless.

2. The Honorable C. Arlen Beam, then Chief District Judge for the District of Nebraska, now a Circuit Judge for the Eighth Circuit Court of Appeals.

er tell it to the FBI or to the Omaha Police Division so it can be investigated, does not tell it to the United States Attorney's Office so it can be investigated, and tells it for the first time here on the witness stand?

At the end of the government's first closing argument, defense counsel approached the bench and asked that the jury be instructed that under Fed.R.Crim.P. 12.-1(a), a defendant has no obligation to volunteer an alibi. After a short bench conference, the district court agreed and at the close of all arguments instructed the jury to that effect.

In his rebuttal argument, the prosecutor stated:

> Ladies and gentlemen, I suggest to you that a person who has an explanation for his whereabouts that is true, that is honest, that will stand up to scrutiny, will scream that information, will beat down the walls of the interrogation room until somebody listens to him, will beg to be listened to, will tell anyone who will listen. We are not talking legal duty here. We are talking common sense.

At the close of the rebuttal, defense counsel objected to the prosecutor's reference to DeVore's withholding of an alibi. The district court overruled the objection, stating that that was not the thrust of the government's argument and that the government had only been commenting on the fact that two contradictory alibis had been put into evidence.

Two Supreme Court cases provide guidance on this issue, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980) (per curiam). *Doyle* held that the government may not use a defendant's post-arrest silence to impeach the defendant. *Anderson* held that it was entirely proper for the government to ask a defendant questions on cross-examination "not designed to draw meaning from silence, but to elicit an explanation for a prior inconsistent statement." 447 U.S. at 409, 100 S.Ct. at 2182. The government contends that *Anderson* should control because its closing argu-

ment merely attempted to attack the inconsistency between DeVore's two alibis and because DeVore was not silent when arrested. We agree. As we held in *United States v. Schultz*, 698 F.2d 365 (8th Cir. 1983), a defendant who choses to speak after being given proper *Miranda* warnings and who at trial gives a different account of the same events is subject to cross-examination about the prior statement.

After receiving the *Miranda* warnings, DeVore did not assert his right to remain silent but spoke freely about his involvement, or lack thereof, in the bank robbery. He will not now be heard to argue that because he gave only one alibi he was silent as to the other. *See Anderson*, 447 U.S. at 409, 100 S.Ct. at 2182.

## II

■ DeVore was originally indicted with another man, Audi McPherson, a/k/a Bruce McPherson, for the Omaha robbery. Prior to DeVore's trial, McPherson pleaded guilty to one count of armed bank robbery and was sentenced to five years' imprisonment. DeVore's motion to discover McPherson's PSI was denied by a magistrate. On appeal, the district court reviewed the PSI *in camera* and ordered that DeVore could discover that portion of the report containing McPherson's version of the robbery.

DeVore asks us to review the district court's ruling for abuse of discretion. We find none. After examining McPherson's PSI, we find that the district court did not fail to turn over any exculpatory evidence or impeachment material. *See United States v. Harvey*, 588 F.2d 1201, 1203 (8th Cir.1978) (citing *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir.1976)).

DeVore urges us to follow *United States v. Anderson*, 724 F.2d 596 (7th Cir.1984), which requires that if the PSI or any portion thereof is withheld the district court must state on the record that whatever is withheld contains no impeachment material. Whether or not *Anderson* really requires any more of the trial judge than does *Figurski*, we conclude that the district

court's ruling was adequate under either decision. The district court's order stated that it had reviewed the PSI *in camera* and would reveal to DeVore that portion of it that "in fairness" should be made available to him. More was not required.

### III

Evidence of DeVore's past weapons conviction was properly admitted. Fed.R. Evid. 609(a) provides that a district court may admit past crime evidence if, in its discretion, it finds the evidence more probative than unfairly prejudicial. *See United States v. Pierce*, 792 F.2d 740, 743 (8th Cir.1986); *United States v. Nabors*, 761 F.2d 465, 470–71 (8th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 123 (1985). We find no abuse of discretion here, particularly as the conviction was entered by stipulation, DeVore's credibility as a witness was central to the jury's resolution, and the district court gave an appropriate limiting instruction. *See United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984); *United States v. Young*, 702 F.2d 133, 137 (8th Cir.1983). DeVore suggests, in passing, that the earlier conviction may be somehow irregular, but he has never attacked its validity.

### IV

DeVore's last argument is that the government improperly vouched for one of its witnesses, an FBI agent, by stating that he had a long record of good service and no motive to lie. The government then contrasted the agent's credibility with DeVore's. This is a permissible argument. *See United States v. Eley*, 723 F.2d 1522, 1526 (11th Cir.1984).

The judgment of conviction is affirmed.