UNITED STATES of America, Appellee,

v.

Floyd GUERUE, Appellant.

No. 88–5345.

United States Court of Appeals, Eighth Circuit.

Submitted: April 10, 1989.

Decided May 19, 1989.

Al Arendt, Pierre, S.D., for appellant.

Mikal Hanson, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, and TIMBERS,* Senior Circuit Judges.

FAGG, Circuit Judge.

A grand jury indicted Floyd Guerue for marijuana distribution. *See* 21 U.S.C. § 841(a)(1) (1982). At trial, a government informant testified he had purchased marijuana from Guerue at Guerue's home on an Indian reservation. Guerue testified he was at school during that time. Rejecting this alibi, the jury found Guerue guilty of the charged offense. Guerue appeals, and we affirm.

A few months before trial, Guerue was convicted in state court for possession of more than one pound of marijuana. *See* Neb.Rev.Stat. § 28–416(5) (Cum.Supp. 1986). This crime was punishable by imprisonment in excess of one year. *Id.* § 28–105(1) (1985). In the district court, Guerue sought to exclude evidence of this conviction offered to attack his credibility. *See* Fed.R.Evid. 609(a)(1). The district court ruled the government could show only that Guerue had a recent felony conviction without naming the offense.

On appeal, Guerue argues the district court committed reversible error in admitting evidence of his conviction without revealing its nature. We disagree.

■ Under rule 609(a)(1), the government can undermine the credibility of a witness with evidence of an earlier conviction and its nature. *United States v. Moore,* 735 F.2d 289, 293 (8th Cir.1984) (per curiam). The district court considered the factors relevant to whether the conviction's probative value outweighed its potential for prejudice. *See United States v. Jackson,* 696 F.2d 578, 589 (8th Cir.1982), *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983); *see also United States v. Browne,* 829 F.2d 760, 762–63 (9th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988). The district court also gave an appropriate limiting instruction. In our view, the district court should have admitted evidence of both the earlier conviction and its nature. *See United States v. DeVore,* 839 F.2d 1330, 1333 (8th Cir.1988); *see also United States v. Callison,* 577 F.2d 53, 55 (8th Cir.) (no abuse of discretion in admitting evidence of conviction for same offense), *cert. denied,* 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187 (1978). Guerue suffered no prejudice, however, because the district court's ruling allowed him to identify the nature of his earlier conviction.

■ Guerue next contends that during deliberations the district court improperly allowed the jury to use transcripts of a taped conversation while listening to the tape. We reject this contention.

At trial, the parties agreed to place translated transcripts into evidence for the limited purpose of allowing the jury to follow along while listening to a tape of the conversation that took place during the informant's marijuana purchase. The conversation was primarily in an Indian language. In response to the jury's request, the district court had discretion to replay the tape. *See United States v. Koessel,* 706 F.2d 271, 275 (8th Cir.1983). Thus, we find no abuse of discretion in allowing the jury to use the indispensable transcripts during the replay.

Finally, Guerue asserts the evidence was insufficient to sustain his conviction. We disagree. Substantial evidence supports the jury's verdict. *See United States v. Segal,* 867 F.2d 1173, 1178 (8th Cir.1989).

Affirmed.

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation.