966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Tommmie Lee DUNMORE, Appellant.
 No. 91-2811.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 11, 1992.
Filed: June 30, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and HEANEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 A jury convicted Tommie Lee Dunmore of one count of conspiring to distribute cocaine (in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1) and 846), two counts of distributing cocaine (21 U.S.C. § 841(a)(1) and 841(b)(1)(c)), one count of attempting to distribute cocaine (21 U.S.C. § 841(a)(1)) (all in violation of Title 21, § § 846 and 841(b)(1)(c)), two counts of income tax evasion (26 U.S.C. § 7201), and two counts of money laundering (18 U.S.C. § 1956(a)(1)(b)(i)). The district court sentenced Dunmore to life without parole on the cocaine counts and two twenty-year concurrent sentences for the remaining convictions. He was also fined $20,000.[1] We affirm.
 
 
 2
 On appeal, Dunmore raises three arguments. First, the trial court erred in failing to grant his motion to suppress the evidence seized at his home pursuant to an allegedly improper search warrant. Second, the venue for the income tax evasion count should not have been in the Western District of Missouri but rather in the District of Kansas. Third, the trial court erred in allowing the jury to listen to incriminating tapes after its deliberations had begun.
 
 1. Motion to Suppress
 
 3
 On March 27, 1989, a United States Magistrate issued a search warrant for Dunmore's Stilwell, Kansas residence. Evidence seized in the search mainly substantiated the tax evasion and money laundering charges and somewhat supported the cocaine charge. Dunmore argues that the government did not have probable cause for issuing the search warrant. We disagree. The information supplied by the affidavit in this case was given by a reliable confidential informant, whose basis of knowledge and credibility were found to be sufficient by the Magistrate because the confidential informant supplied the Magistrate with taped conversations in which Dunmore admitted his cocaine dealings to the confidential informant. Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 2. Venue
 
 4
 Dunmore's second argument, regarding venue, is without merit. Dunmore carried on transactions in both Missouri and Kansas. He purchased a home in his uncle's name in Stilwell, Kansas and purchased seventeen cashier's checks totalling $71,720 at banks in Kansas City, Missouri to cover the downpayment on the house. Dunmore subsequently made seven mortgage payments for the Kansas house, totalling $8,298, using cashier's checks purchased from a Missouri bank, as well as furnished the house with over $27,000 in furniture purchased from Missouri stores. Federal statutory law provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (1988). Therefore, given Dunmore's financial transactions in Missouri, we find no merit in Dunmore's claim of improper venue.
 
 3. Jury Deliberations
 
 5
 Dunmore finally argues that the trial court erred in allowing the jury to review the incriminating tapes during its deliberations. After the jury began deliberations, they requested to hear the taped conversation that they had heard during the trial between Dunmore and a confidential informant in which they discussed Dunmore's past dealings in cocaine and the large sum of money he had acquired from past narcotics deals. The court ordered the jury to return to the courtroom to hear the tape and provided the jury members with transcripts of the taped conversation to use as an aid while listening to the tape. The court emphasized to the jury that the transcripts were provided only as an aid and that the recorded conversation was the actual evidence. Dunmore argues that the jury should not have been allowed to review the transcript while the tape was being replayed because the transcript had not been admitted as evidence. Despite Dunmore's objections, he did not dispute the accuracy of the transcript. Moreover, the district court properly instructed the jury that the tape, but not the transcript, was the evidence for them to consider. Under these circumstances, the district court did not act improperly. See United States v. Guerue, 875 F.2d 189, 190 (8th Cir. 1989).
 
 
 6
 For the foregoing reasons, we affirm Dunmore's convictions.
 
 
 
 [1]
 Pursuant to its instructions on the cocaine counts, the jury decided that Dunmore should forfeit his house to the government