UNITED STATES of America, Appellee,

v.

Thomas J. FIGURSKI, Appellant.

No. 75–1136.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 14, 1976.
Decided Nov. 19, 1976.

George A. Daugherty, Charleston, W. Va. [court-appointed], for appellant.

Frank E. Jolliffee, Asst. U. S. Atty., Charleston, W. Va. (John A. Field, III, U. S. Atty., Wayne A. Rich, Jr., Asst. U. S. Atty., Charleston, W. Va., and Fred D. Clark, Third Year Law Student, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

Convicted by a jury of four substantive counts and one conspiracy count involving the distribution of drugs, Thomas J. Figurski appeals, assigning numerous grounds for reversal. Only that dealing with defendant's claim that his cross-examination of the government witness Brisendine was prejudicially restricted warrants any extended discussion. We affirm.

I.

Brisendine was an unindicted coconspirator, who testified for the government about the existence of the conspiracy and defendant's participation in it. He had earlier been convicted of a related charge and had been sentenced under 18 U.S.C. § 4208(b) for a study by the Bureau of Prisons and a recommendation as to what sentence should be ultimately imposed. When Brisendine testified in the instant case, the report and recommendation had been made, and it had

been received by the district judge. Defendant's counsel requested inspection of the report, claiming that inspection was necessary to assist him in cross-examining that witness, but the district judge refused the request. In refusing the request, the district judge was not in error.

█ Rule 32(c)(3), F.R.Cr.P., relates to the disclosure of presentence reports, and it is applicable to reports made by the Bureau of Prisons under 18 U.S.C. § 4208(b). Rule 32(c)(3)(E). In general, the rule provides for the disclosure of such reports to a defendant who is the subject of the report, or his counsel, except for certain information and recommendations that may be withheld. The rule is silent about disclosure to anyone else. We are in accord with the construction placed upon the rule in *Hancock Brothers, Inc. v. Jones,* 293 F.Supp. 1229, 1233 (N.D.Cal., 1968): "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice."

█ In determining the "ends of justice," we start with the basic concern of American criminal jurisprudence that a defendant be convicted on nothing less than the full truth. *Mooney v. Holohan,* 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).* A substantial issue in any trial may be the credibility of a prosecution witness because "[t]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence . . . ." *Napue v. Illinois,* 360 U.S. at 269, 79 S.Ct. at 1177. The issue takes on added importance when the witness is a codefendant, or a coconspirator, yet to be tried or sentenced, or, as here, an unindicted coconspirator, because the testimony of such witness may be shaded to curry favorable treatment rather than premised upon an overriding concern for the truth.

█ Thus, a proper concern for the rights of criminal defendants and for the integrity of the judicial process requires that, in some cases, the confidentiality of a presentence report on a witness should be breached and the report, or the pertinent portions thereof, made available to counsel for the defendant upon his request. We think that the appropriate test for when disclosure should be made is that articulated in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), as the standard for granting a new trial, after conviction, on the ground of after-discovered evidence. There, it was said:

> [I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt. (Footnotes omitted.) *Id.,* at 112, 96 S.Ct. at 2401.

█ As in *Agurs,* where the issue was the standard for granting a new trial, so here, where the issue is whether to disclose a protected report, the basic problem is one of materiality. If the report contains exculpatory material, that part of the report must be disclosed. If the report contains only material impeaching the witness, disclosure is required only when there is a reasonable likelihood of affecting the trier of the fact. Whether there is such a likelihood depends upon a number of factors such as the importance of the witness to the government's case, the extent to which the witness has already been impeached, and

---

* As these cases indicate, the problem usually arises in a postconviction attack on the validity of a conviction or a motion for new trial based on after-discovered evidence.

the significance of the new impeaching material on the witness' credibility. Appraisal of some of these factors may indicate that a ruling on a request for disclosure must be delayed until proffers of evidence can be made or until the government's case or the entire case has been presented so that the protected information may be examined in context.

■ It follows that, when requested to exhibit such a report, the district court should examine it *in camera* and disclose only those portions, if less than all, of the report which meet the test we prescribe. If exhibition is denied, the denial should be an informed one based upon the district court's conclusion that the information contained therein fails to meet the prescribed test.

■ Because we were uncertain from the record whether the district judge had in mind the contents of the report on Brisendine when he refused its production, we requested a copy of the report. We have examined it and compared its contents with the impeaching data elicited from the cross-examination of Brisendine. The report contains nothing to exculpate defendant, and nothing contained in the report would have added further support to the attack on the credibility of Brisendine. The report should not have been disclosed.

■ Defendant's other claims that his cross-examination of the government witness Brisendine was prejudicially restricted are without merit. The district court did not abuse its discretion in refusing to permit cross-examination of the witness as to why he received a general and not an honorable discharge from government military service. Nor was there an abuse of discretion in limiting cross-examination of the witness with regard to his relationship with a young girlfriend. Defendant's counsel was not improperly restricted in making a proffer of what he hoped to develop from this questioning; he was restricted only when his proffer lost cognizable direction. Since the witness had a right to decline to be interviewed by defendant's counsel, it was not improper to restrict defendant's

counsel from inquiring as to why the witness exercised this right.

## II.

Defendant's other contentions require little comment:

■ We do not think that the district court abused its discretion in limiting defendant to twenty minutes of closing argument when it limited the codefendant to a like period and the government to forty minutes. Indeed, defendant has not pointed to any specific prejudice that he claims that he suffered.

■ Nor do we find reversible error in the references by government counsel to the law in his opening statement and closing arguments to the jury. He did not misstate the law, and in large part he merely responded to comments on the law made by counsel for defendant. The district court's admonitions to defendant's counsel about an improper objection and misquoting the evidence, while stern, also did not constitute reversible error.

■ It was not improper for the district court, in instructing the jury about defendant's credibility as a witness, to point out defendant's vital interest in the outcome of the case; and the rule in this circuit and elsewhere is that under federal law a defendant may be convicted on the uncorroborated testimony of an accomplice. An instruction to that effect was proper. *Gormley v. United States,* 167 F.2d 454 (4 Cir. 1948). Similarly, it was proper to tell the jury that circumstantial evidence, if it convinces beyond a reasonable doubt, is entitled to the same weight as direct evidence. *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Finally, we think the evidence more than ample to permit the jury to find that a conspiracy existed of which defendant was a part.

*AFFIRMED.*