820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmanuel OKOLO, a/k/a "Freddie", Defendant-Appellant.
 No. 86-5176.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided June 8, 1987.
 
 Before MURNAGHAN and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Richard William Winelander, for appellant.
 Charles Preston Scheeler, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Emmanuel Okolo was convicted of conspiracy to defraud the Immigration and Naturalization Service (INS) by arranging fraudulent marriages for the purpose of obtaining green cards for foreign nationals in violation of 18 U.S.C. Sec. 371.
 
 
 2
 Okolo contends that the trial court erred when it failed to disclose the pre-sentence report of Chyke Ibemesi, an individual convicted of marriage fraud in an unrelated case.
 
 
 3
 Okolo entered into a plea agreement with the United States wherein he agreed to plead guilty to the one count indictment in exchange for a general recommendation of incarceration. The plea agreement stated that the United States Attorney would not recommend a particular sentence. The agreement provided that the United States Attorney would:
 
 
 4
 compare Mr. Okolo's culpability with other conspirators charged in marriage fraud schemes, and specifically note that Okolo is significantly more culpable than Chyke Ibemesi, charged in Criminal No. B-85-0220.
 
 
 5
 Okolo pled guilty and subsequently moved for disclosure of the pre-sentence report of Chyke Ibemesi. The court denied his motion. Okolo was sentenced to imprisonment for two years. Ibemesi also had been sentenced to two years.
 
 
 6
 In United States v. Figurski, 545 F.2d 389 (4th Cir.1976), the Fourth Circuit developed a test for determining when a third party's pre-sentence investigation should be disclosed. When requested to exhibit such a report, the district court should examine it in camera and disclose exculpatory materials.
 
 
 7
 It is not clear that, in sentencing Okolo, the district court applied the test set forth in Figurski and evaluated whether the Ibemesi pre-sentence report contained exculpatory material. Rather, the judge stated that it was within his discretion to decide whether to reveal the information. Nevertheless, because there was no relationship between Okolo's case and Ibemesi's, there can be little doubt that the pre-sentence report in Ibemesi's case was not exculpatory for Okolo. Consequently, even though the district court may have erred in applying an incorrect standard, the error was harmless.
 
 
 8
 The only connection between the two cases, as conceded by Okolo, is that the two defendants, Okolo and Ibemesi, committed the same offense. The information contained in the Ibemesi pre-sentence report would be useful in Okolo's case only in the sense that it might provide a standard for measuring culpability. There is nothing "exculpatory," in the normal usage of the word, about the information contained in Ibemesi's pre-sentence report because the two cases were unrelated.
 
 
 9
 It is natural that in sentencing a particular defendant, a judge might compare that case to others which are similar. The fact does not make confidential information relating to one defendant exculpatory with regard to another. Such a broad reading of "exculpatory" would overwhelm the general rule that pre-sentence reports are confidential, Figurski, 545 F.2d at 389, by allowing each and every defendant to obtain disclosure of pre-sentence reports of other defendants charged with the same or even similar crimes on the theory that pre-sentence reports are exculpatory.
 
 
 10
 Finally, Okolo conceded that he was more culpable but, in fact, received the same sentence as Ibemesi. Okolo can hardly argue that he was prejudiced by his inability to review the pre-sentence report under those circumstances.
 
 
 11
 The judgment of the district court is, therefore,
 
 
 12
 AFFIRMED.