848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry T. RICE, a/k/a Jerry Texas Rice, a/k/a "Pappy",
Defendant-Appellant.
 No. 87-5616.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 8, 1988.
Decided: May 19, 1988.
 
 Lee Howard Adler for appellant.
 Charles T. Miller, Assistant United States Attorney (Michael W. Carey, United States Attorney, on brief), for appellee.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 Jerry Texas Rice appeals the sentences imposed by the district court following his pleas of guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. Sec. 846 (1982) and to attempting to evade income taxes in violation of 26 U.S.C. Sec. 7201 (1982). The district court initially sentenced appellant under 18 U.S.C. Sec. 4205(c) (1982). This section is used when the sentencing judge wishes to obtain more detailed information about a defendant's mental or physical condition before imposing a final sentence. Section 4205(c) requires that the maximum sentence be imposed and that the defendant be committed for study under 18 U.S.C. Sec. 4205(d) (1982).
 
 
 2
 At this stage the trial judge sentenced Rice to 15 years imprisonment and a fine of $250,000 on the conspiracy count and to a consecutive five years imprisonment and $250,000 fine on the tax evasion count. After the study had been completed the defendant was returned to the sentencing court and the fine on each count was reduced to $75,000, but the consecutive prison sentences were affirmed.
 
 
 3
 Rice appeals claiming: (1) that the court abused its discretion by failing to individualize his sentences; (2) that the court incorrectly characterized the facts and drew unfair inferences about him; (3) that the court failed to state sufficient reasons for imposing such severe fines upon him; and (4) that the court erred in not releasing to appellant's new counsel the pre-sentence investigations of the appellant's codefendants. We find no error and we affirm.
 
 
 4
 * Appellant suffers from many physical ailments including osteoporosis, hypertension, diabetes, and a serious and disabling pulmonary condition. He has been addicted to prescription drugs for many years. The testimony to the sentencing judge indicated that Rice had organized, led, and controlled a group of ten or more individuals who illegally sold and distributed controlled substances in the form of prescription drugs including Dilaudid, Tylox, Percodan, and Preludin. These drugs were obtained in large quantities from a pharmacist, and during the period covered by the conspiracy more than $1,000,000 was collected through the illegal sale of these drugs. At the time of sentencing, the appellant was on probation resulting from a guilty plea in the Circuit Court of Grayson County, Virginia, for possession of LSD with intent to distribute. Appellant had other criminal convictions in his record.
 
 II
 
 5
 Appellant contends that the trial judge abused her discretion in sentencing because the sentence was based on inaccurate information contained in the pre-sentence report and statements made by the United States Attorney, and that the court referred to appellant as a "parasite" and as someone who had never done anything to earn a living.
 
 
 6
 As a general rule, a sentence imposed by a federal judge, if within the statutory limits, is not subject to review. United States v. Tucker, 404 U.S. 443 (1972). The district court is given wide latitude as to the information it may consider in imposing sentence. Roberts v. United States, 445 U.S. 552, 556 (1980). At the time the present sentence was imposed, 18 U.S.C. Sec. 3577 (1982) was in effect and provided:
 
 
 7
 No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.
 
 
 8
 However, a defendant has a right to be sentenced only upon information that is accurate. United States v. Lee, 540 F.2d 1205 (4th Cir.), cert. denied, 429 U.S. 894 (1976).
 
 
 9
 Appellant contends that the statement in the pre-sentence investigation that he began distributing controlled substances in 1984 is inaccurate, because such distribution did not begin until 1985. There are several references to 1984 in the report and the appellant raised no objection to these dates at the time of sentence. Even if there was a discrepancy as to dates, it would only be a few months and it is not material.
 
 
 10
 Appellant also contends that the assertion that he used violence during the course of the conspiracy was untrue. This statement was made by the United States Attorney in a request that appellant not be considered for probation and that he not be allowed to "self-report" to an institution. Immediately following this statement the court asked the defendant if he had anything to say and he replied in the negative. It is now too late for him to raise the claim. His opportunity presented itself at the time of sentencing and he remained silent.
 
 
 11
 The claim that the court referred to the appellant as a "parasite" and someone who had never done anything to earn a living did not deprive him of due process, and it is not "misinformation of constitutional magnitude" condemned in United States v. Tucker, supra, at 447. One of the definitions of "parasite" is "a person who receives support, advantage, or the like, from another or others without giving any useful or proper return." The Random House College Dictionary 965 (rev. ed. 1982). The evidence presented as to the appellant's use of his subordinates in the distribution of drugs would lend itself to such a description. The statement that the appellant had never done anything to earn a living was an exaggeration, but the record shows that at the time of sentencing, he had not been employed for more than 10 years. The hyperbole of the court on this point does not raise a constitutional question.
 
 
 12
 Appellant contends that the court misstated his past criminal record, because there are very few convictions and that the sentencing judge did not distinguish between charges and convictions. The pre-sentence report contained information of 28 charges against the appellant since age 21. A number of these were dismissed or withdrawn. The disposition of some charges was unknown because of the date of the records, and others show the payment of fines. The most recent charge was on August 14, 1982, when appellant pled guilty to possession of LSD and received a five-year sentence, the execution of which was suspended, and he was placed on five years probation. He was on this probation at the time he was charged and pled guilty to the two counts that are the subject of the present appeal. The appellant contends that the statement of the sentencing judge implied that he had been convicted of the 28 charges mentioned in the pre-sentence report. A reading of the judge's remarks does not support such a claim. The appellant was given an opportunity to address the court and to call into question any claimed misstatement, but he did not mention his present claim that the judge misunderstood his prior criminal record.
 
 
 13
 At the sentencing hearing the appellant and his attorney directed most of their remarks to statements in the pre-sentence report concerning the amount of money collected and the quantity of the drugs sold during the conspiracy. This argument is of little moment, because even if we accept the appellant's version of the monetary amounts and the number of drugs involved, his illegal drug operation was still quite sizable.
 
 III
 
 14
 Appellant asserts that his sentence was not individualized, and it was the type of "mechanical" sentence condemned in Woosley v. United States, 478 F.2d 139 (8th Cir.1973), and in United States v. Wardlaw, 576 F.2d 932 (1st Cir.1978). The Woosley court held that a judge had not used his discretion when he stated that it was his "policy" to always give the maximum sentence for violation of a particular statute. In Wardlaw the court reversed a sentence that was two and a half times longer than that recommended by the government. The court did not consider the mitigating factors that were present, but focused on what it assumed would be an impact upon the larger smugglers who used persons such as Wardlaw to do their illegal work. 576 F.2d at 938-39.
 
 
 15
 Neither of these concerns are present in Rice's appeal. He was not sentenced to impress someone further up the chain of command. He was the leader of the group and there was no one above him to be impressed.
 
 
 16
 The sentence was not "mechanical." There are no statements in the record that reflect a policy of the sentencing judge to give the maximum sentence to all leaders of drug conspiracies. The district court went to great lengths to individualize appellant's sentence. The court used 18 U.S.C. Sec. 4205(c) to obtain a complete examination and report of the mental and physical condition of Rice. At the time of sentencing there was no objection to anything that was contained in the classification study report.
 
 
 17
 Appellant also contends that the sentencing judge did not consider the provisions of 18 U.S.C. Sec. 3553 (Supp. IV 1986) and 18 U.S.C. Sec. 3582 (Supp. IV 1986), but neither of these statutes was in effect when the defendant was sentenced on August 7, 1987.
 
 IV
 
 18
 In attacking the total fine of $150,000, appellant contends that the sentencing judge failed to meet the standards of United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). Rice has been sentenced to pay a fine under 18 U.S.C. 3623(a)(3) (Supp. IV 1986) while Bruchey was ordered to make restitution pursuant to the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. Secs. 3579, 3580 (1982) (redesignated as amended in 18 U.S.C. Secs. 3663, 3664 (Supp. IV 1986)). The VWPA required the sentencing judge to state reasons for certain actions taken in deciding what restitution was required. It also required that "such order is as fair as possible to the victim and the imposition of such order will not unduly complicate or prolong the sentencing process." Id. Sec. 3579(d). Restitution as provided under the VWPA was a new concept in the federal court and it required the sentencing judge to make several determinations to be sure that he complied with the concept of restitution as expressed by the Congress in Secs. 3579 and 3580.
 
 
 19
 Rice was fined under 18 U.S.C. Sec. 3623(a)(3) (Supp. IV 1986),[1] which carries a fine of up to $250,000 in case of conviction of a felony. The factors to be considered by the sentencing court in imposing a fine under Sec. 3623 are set forth in 18 U.S.C. Sec. 3622 (Supp. IV 1986). There is no requirement that the court make findings as to its consideration of the factors set forth in Sec. 3622. The imposition of a fine is not a new concept, unlike restitution, and traditionally it has not been a requirement that a sentencing judge give his reasons for the imposition of a fine or a term of imprisonment.
 
 
 20
 From a review of the record in the present case it is obvious that the district court considered the relevant factors. There are numerous comments as to the nature and circumstances of the offense; the history and characteristics of appellant; appellant's income, earning capacity, and financial resources; appellant's marital status and dependents; the burden of the fine; and the need to deprive appellant of illegally obtained gains from the offense. From the record we conclude that the district court did consider the relevant factors in setting the fines.
 
 V
 
 21
 Last, appellant contends that the trial court erred in denying his motion to permit his attorney to review the pre-sentence investigation reports of all of his co-defendants. He claims that this denial of information hampered his ability to show that he was treated disproportionately more severe than his co-defendants.
 
 
 22
 The pre-sentence investigation is covered by Federal Rule of Criminal Procedure 32(c) and disclosure is provided under Rule 32(c)(3). The rule does not address the question of disclosure of the report to third parties. The history of Rule 32(c), however, supports the principle that confidentiality should be maintained. Only in 1975 was that rule changed to require disclosure of the pre-sentence report to the defendant. In United States v. Figurski, 545 F.2d 389 (4th Cir.1976), we held: "If the report contains exculpatory material, that part of the report must be disclosed. If the report contains only material impeaching the witness, disclosure is required only when there is a reasonable likelihood of affecting the trier of the fact." Id. at 391.
 
 
 23
 Rice's request does not meet this test. Pre-sentence reports by their very nature are confidential, and the routine disclosure of such reports may adversely affect the ability of the probation officers to obtain the information that is needed to complete the report and to inform the court of facts necessary to the imposition of an appropriate sentence.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 These sections were applicable to crimes committed after December 31, 1984, and they were repealed on November 1, 1987, pursuant to section 229 of the Sentencing Reform Act of 1984, see 18 U.S.C. Sec. 3623 (Supp. IV 1986)