### In re SUBPOENA AND ORDER DIRECTING PROBATION OFFICER TO PRODUCE RECORDS.

#### Misc. No. 2197–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 16, 1990.

James M. Sullivan, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

C. Frank Goldsmith, Jr., Charles E. Burgin, Marion, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

This Matter is before the Court on the Government's motion, filed May 15, 1990, to quash an order, entered by North Carolina Superior Court Judge Marvin K. Gray, that is being served on United States Probation Officer James R. McLean, Jr. for a state court proceeding, *State v. James Clifton Gibbs*, which seeks disclosure of the probation file of Joshua Jordon. Counsel for James Gibbs filed a response to the Government's motion on May 15, 1990.

James Clifton Gibbs is an indigent defendant in a state capital murder trial. The trial is taking place in the North Carolina Superior Court, McDowell County. On May 11, 1990, Judge Gray entered an order directing U.S. Probation Officer McLean to furnish Gibbs' attorney with a copy of the probation file of Joshua Jordon, including any records of his criminal convictions, criminal activity, violations of the conditions of this probation or parole, and revocation of probation or parole. The order indicated that Jordon would be called as a witness for the state and that the probation file was necessary for Gibbs' defense.

The Government contends that the information sought is of a confidential nature that is used to apprise this Court of relevant characteristics of defendants that appear before it. The Government has cited the case of *United States v. Figurski*, 545 F.2d 389 (4th Cir.1976) as providing the proper procedure for disclosing to third parties information contained in a presentence report. The Court has carefully reviewed that case, as well as the pleadings of both parties. The Court concludes that it must for the most part grant the Government's motion.

Rule 32(c)(3) of the Federal Rules of Criminal Procedure governs the disclosure of presentence reports. However, the Rule is silent about disclosure to third parties. *See Figurski*, 545 F.2d at 391. Nonetheless, the Fourth Circuit has adopted the rule that "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice". *Id.* (citing *Hancock Brothers, Inc. v. Jones*, 293 F.Supp. 1229, 1233 (N.D.Cal.1968)).

When a request by a third party for information contained in a presentence report is made, the Court must examine the information *in camera* to determine whether the following test has been met. *Id.* at 392. First, if the report contains exculpatory material, that part of the report must be disclosed. Second, if the report contains only material impeaching the witness, disclosure is required only when there is a reasonable likelihood of affecting the trier of fact. *Id.* at 391.

In this case, the Court has carefully conducted an *in camera* review of Jordon's probation file. No information contained in the report is of an exculpatory nature to Gibbs. In fact, Gibbs' name is only mentioned one time—in relation to a contract dispute between Jordon and Gibbs. Although the Court believes counsel for Gibbs could have obtained Jordon's criminal record through normal discovery methods, the Court has attached a copy of his record to this Order. The Court believes that this impeachment information will have a reasonable likelihood of affecting the trier of fact.

The Court would be remiss if it failed to mention the troubling nature of this matter

to the Court. It appears that defense counsel for Gibbs is attempting to use the United States Probation Office as a discovery tool. Ordinarily, the Court believes our federal system of Government precludes the intrusion by the state court system into what is in effect records of this Court. The Court will be extremely reluctant to provide further information from probation office files in this or any future cases.

In summary, the Court believes that the probation office records of Joshua Jordon are devoid of exculpatory information regarding James Clifton Gibbs. The Court does believe that Jordon's arrest record is of sufficient impeachment value that it may reasonably affect the trier of fact. Accordingly, the Court has attached a copy of that record to this order. Because the order entered by Judge Gray on May 11, 1990 is otherwise contrary to established law of the Fourth Circuit, the Court must quash the order and any subpoenas directing Probation Officer McLean to appear with the probation records of Joshua Jordon.

NOW, THEREFORE, IT IS ORDERED that the Government's motion to quash be, and hereby is, GRANTED, except as to Jordon's arrest record. The Court has attached a copy of the arrest record to this Order.

The Clerk is directed to certify copies of this Order to defense counsel for James Clifton Gibbs, the Clerk of Court for the North Carolina Superior Court (McDowell County), Judge Marvin K. Gray, the United States Probation Office, and the United States Attorney.

## APPENDIX

ARREST RECORD: Joshua Samuel JORDON

| Date | Offense | Court/Source | Disposition |
|---|---|---|---|
| 9–11–73 (Age 19) | Unauthorized Use of Automobile | Criminal Court Portsmouth, VA | Nol-prossed. |
| 10–15–73 (Age 19) | Assault & Battery | General District Hampton, VA | Nol-prossed. |
| 3–22–76 (Age 22) | Larceny by Check (2 counts) | Criminal Court Portsmouth, VA | $25 each count & costs. |
| 5–14–76 (Age 22) | Violation of Court Order of 3–22–76 | Criminal Court Portsmouth, VA | Fined, 10 dys jail susp 12 mos. |
| 8–24–76 (Age 22) | Simple Assault | Criminal Court Portsmouth, VA | Nol-prossed. |
| 12–22–76 (Age 22) | Grand Larceny, but found guilty of lesser included charge | Circuit Court Chesapeake, VA | $100 fine & cost, 30 dys impr. |
| 2–12–77 (Age 23) | Assault | Municipal Court Courtland, VA | $15 fine & cost. |
| 10–13–78 (Age 24) | Theft From Interstate Shipment (Less than $100) | US Court North Platte, NE | 9 mos impr susp, 1 yr probation. |
| 6–15–81 (Age 27) | Theft | Fremont Co, Iowa | 2 yrs impr susp except 42 dys, 1 yr prob, restitution & cost. |
| 8–6–81 (Age 27) | Bad Check (Misdemeanor) | Atchinson Co. Missouri | 2 yrs prob, cost & restitution. |
| 2–2–83 (Age 29) | Bad Check (Misdemeanor) | Tazewell Co. Virginia | Nol-prossed. |
| 3–23–83 (Age 29) | a) Bad Check (Misdemeanor) b) Failure to Appear | Tazewell Co. Virginia | a) 6 mos impr susp, $100 fine, 40 hrs com ser. b) $20 fine, 10 dys susp except ½ day. |
| 6–22–83 (Age 29) | Fraud | General District Bristol, VA | Nol-prossed. |

| Date | Offense | Court/Source | Disposition |
|---|---|---|---|
| 7–6–83 (Age 29) | Failure to Support Dependent Children | Bristol, VA | $50 per week support. |
| 7–8–83 (Age 29) | Defective Equipment | General District Washington Co., VA | $30 fine & cost. |
| 10–19–83 (Age 29) | Defraud Mark Bond | Tazewell Co, VA | Fine & cost. |
| 5–23–84 (Age 30) | a) Failure to Appear in Contempt Order due to Failure to pay support. b) Non-support. | Bristol, VA | a) 10 dys impr, cost. b) 6 mos impr, cost, susp if $1500 arrearage paid. |
| 5–29–84 (Age 30) | Fugitive from NC | Central District Bristol, VA | Dismissed. |
| 5–29–84 (Age 30) | Failure to Appear | Central District Bristol, VA | $500 fine & cost, 210 dys jail, both susp upon service of 30 dys. |
| 6–22–84 (Age 30) | Grand Larceny & Felonious Defraud By Check | Tazewell Co., VA | 1 yrs impr susp, Indeterminate prob, cost & restitution. |
| 12–10–84 (Age 30) | a) Worthless Check over $100 (4 cases) b) Bad Check c) Fraudulent Breach of Trust | Circuit Court Sullivan Co., TN | a) 3 yrs impr b) 11 mos 29 dys impr, c) 3 yrs impr. All cases to run concurrent. |
| 7–19–85 | Embezzlement From Interstate Shipment | US District Houston, TX | 10 yrs impr susp, 5 yrs prob, restitution. |
| 10–28–85 | Obtain Property by False Pretense | District Court Catawba Co., NC | Dismissed. |
| 5–23–86 | Obtain Property by False Pretense | Wilkes Co. Sheriff Office | No disposition known. |
| 8–27–86 | Grand Larceny by Check | Roanoke, VA | Dismissed. |
| 12–11–86 | Larceny—Felony | District Court Cabarrus Co., NC | Dismissed. |
| 2–3–87 | Obtain Property by False Pretense | Greensboro Police Department | Disposition unknown. |
| 2–23–87 | Obtain Property by False Pretense | Superior Court Iredell Co., NC | Dismissed. |
| 10–19–87 | a) Prob violation b) Fraud by Wire | US District Statesville, NC | a) 10 yrs impr. b) 3 yrs impr. |
| 11–23–87 | Obtaining Property by False Pretense | Davidson Co, NC | Dismissed. |
| 3–3–88 | a) Sexual Offense 2nd Degree; b) Assault on Female c) Poss Stolen Vehicle | Superior Court Fayetteville, NC | Dismissed. |
| 3–10–88 | Obtain Property by False Pretense | Avery Co, NC | Nol-prossed. |