940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julian PICKETT, a/k/a Phil, Defendant-Appellant.
 No. 91-5769.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided July 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CR-90-23-4)
 Carl L. Tilghman, Beaufort, N.C., for appellant.
 Robert E. Skiver, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Julian Pickett appeals his convictions for conspiracy to distribute, and distribution of, cocaine, in violation of 21 U.S.C. Secs. 846 and 841, respectively. On appeal, Pickett claims that the district court erred by admitting a police detective's testimony establishing that he was a vice squad officer who was assigned to cases involving drugs, narcotics, and prostitution, and by denying his motion for judgment of acquittal based on the insufficiency of the evidence. Because neither of the claims Pickett raises on appeal has merit, we affirm his convictions.
 
 
 2
 * Julian Pickett was convicted after a jury trial of one count each of conspiracy to distribute cocaine, and distribution of cocaine. He received a sentence of 190 months in prison and 60 months of supervised release.
 
 
 3
 The government's case against Pickett consisted largely of the testimony of two witnesses, Burnett Oliver Williams and Kenneth Tyler. Williams testified that on several occasions during the summer of 1988 he bought cocaine from Pickett in New York City and Jacksonville, North Carolina. Williams also testified that during that time he frequently bought cocaine from two of Pickett's co-defendants, Grant Chester Hagler and Ulrich Paul Giddings. Tyler testified that on numerous occasions during the spring of 1989 he bought rocks of cocaine from Pickett in Jacksonville. The testimony of Williams and Tyler was corroborated by the testimony of Detective James H. Smyre, an investigator for the vice squad in Wilmington, North Carolina. Smyre testified that the phone number which Pickett had given as his home phone number in July 1989 was the same number from which Hagler frequently received calls in a Jacksonville motel room.
 
 
 4
 After the district court denied Pickett's motion for a judgment of acquittal, the jury convicted Pickett of both charges.
 
 II
 
 5
 The trial court has broad discretion in ruling on questions of relevancy and in balancing the probative value of relevant evidence against any undue prejudice. United States v. Zandi, 769 F.2d 229, 237 (4th Cir.1985). Here, the district court acted well within its discretion in admitting as background information Smyre's statement containing a brief description of his duties as a vice squad officer.
 
 
 6
 As for Pickett's claim that the evidence presented at trial was insufficient, this Court looks to see whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 7
 An assessment of witness credibility lies within the sole province of the jury and is not subject to appellate review. Id. One witness's uncorroborated testimony is clearly sufficient to sustain a conviction. Government of Virgin Islands v. Grant, 775 F.2d 508 (3d Cir.1985); United States v. Figurski, 545 F.2d 389 (4th Cir.1976). Here, the testimony and corroborating evidence presented at trial clearly was sufficient to sustain each of the convictions.
 
 
 8
 In summary, we affirm both of Pickett's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.