944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Elbert HORTON, Jr., Defendant-Appellant.
 No. 91-5766.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1991.
Decided Sept. 24, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-90-12-A)
 Matthew J. Cody, Jr., Lebanon, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Stephen U. Baer, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Federal prisoner Donald Elbert Horton appeals his two convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Horton claims in this appeal that his convictions should be overturned because the evidence was insufficient to sustain his conviction and the district court erred by allowing the government to impeach its own witnesses under Fed.R.Evid. 613(b) with a prior inconsistent statement without first affording those witnesses an opportunity to explain their prior statements. Horton also claims that he was improperly sentenced as a career offender because he has not been convicted of two prior "crimes of violence" within the meaning of the federal sentencing guidelines. Because none of Horton's claims has merit, we affirm.
 
 
 2
 * Horton was charged in state court with assault and battery after allegedly firing shots at his then-girlfriend, Margy Gail Reedy, in December 1989. On February 11, 1990--two days after Reedy had testified against Horton in a state court trial which resulted in Horton's acquittal--Reedy testified that Horton abducted her at gunpoint, forced her to drive to a remote area, and threatened to kill her. Reedy then fled but Horton shot her in the back with a bullet fired from a low-caliber handgun.
 
 
 3
 Horton's version of the incident differed. Horton admitted meeting with Reedy on February 11 and driving to a remote area, but stated that Reedy then pulled out her own .22 caliber handgun and shot at him at close range, but missed. Horton then claimed he wrested the gun away from Reedy and left the scene. Moments later, Horton testified, he saw a car drive up, then heard the occupants of the car argue with Reedy before hearing a gunshot. After police officers and others arrived to attend to Reedy, Horton claimed he walked into the woods and disposed of Reedy's handgun in a nearby river. The weapon was never recovered.
 
 
 4
 Shortly after the incident, Horton, who had received adult felony convictions in 1982 for firing a weapon into an occupied dwelling and possessing a sawed-off shotgun, in addition to a 1984 felony unlawful wounding conviction, admitted that he purchased a .22 caliber handgun from his friend Larry Wayne Sparks in 1989 but claimed he purchased the gun for Reedy.[1]
 
 
 5
 At trial, Sparks admitted "trading" the .22 caliber gun and $50 to Horton for a VCR but denied seeing the gun in Horton's physical possession. Sparks's brother-in-law, Carlos Vance, testified that he witnessed the gun-for-VCR trade between Horton and Sparks but also denied observing Horton in physical possession of the .22 caliber handgun. The government did not question either witness about any prior statements they had made concerning the trade.
 
 
 6
 Over Horton's objection, the government called Wayne Dow, an agent with the Bureau of Alcohol, Tobacco, & Firearms, as a rebuttal witness. Dow testified that both Sparks and Vance had made prior inconsistent statements regarding the gun-for-VCR trade Horton made with Sparks.
 
 
 7
 After the district court denied Horton's motion for a judgment of acquittal based on insufficient evidence, the jury returned guilty verdicts on two § 922(g)(1) counts, and found that Horton had illegally possessed a firearm both in the spring of 1989 and in February 1990. At sentencing, the district court found that Horton was a career offender under the federal sentencing guidelines because he had two prior "crime-of-violence" felony convictions. Horton received a 110 month sentence, plus three years supervised release for one of the convictions, and received an identical, concurrent sentence for the other.
 
 II
 
 8
 None of Horton's claims has merit. First, it does not appear that defense counsel properly and specifically objected on the basis of Fed.R.Evid. 613(b) at trial. Nowhere did defense counsel mention unfairness to Sparks or Vance, or seek to have them clarify their earlier testimony. Thus, the concerns raised at trial differ from those presented on appeal and are not preserved on appeal. United States v. Parodi, 703 F.2d 768 (4th Cir.1983). Moreover, there is no merit to this claim because if a witness is--or might be--available for recall and the opposing party decides not to recall him, there has been sufficient opportunity to explain for purposes of Rule 613(b). Under these circumstances, Rule 613(b) does not bar the admission of the impeaching evidence. Wammock v. Celotex Corp., 793 F.2d 1518, 1522-23 (11th Cir.1986) (collecting cases); United States v. McGuire, 744 F.2d 1197, 1203-04 (6th Cir.1984), cert. denied, 471 U.S. 1004 (1985). Here, because Horton has not shown that either Sparks or Vance was not available to testify after admission of the impeaching evidence, admitting this evidence did not violate Rule 613(b). Therefore, we dismiss this claim.
 
 
 9
 Horton's judgment-for-acquittal motion based on the insufficiency of the evidence also lacks merit. An assessment of witness credibility lies within the sole province of the jury and is not subject to appellate review. United States v. Saunders, 886 F.2d 56 (4th Cir.1989). One witness's uncorroborated testimony is clearly sufficient to sustain a conviction. Government of Virgin Islands v. Grant, 775 F.2d 508 (3d Cir.1985); United States v. Figurski, 545 F.2d 389 (4th Cir.1976). Here, viewing the testimony of the government's witnesses in the light most favorable to the government, it is clear that the evidence is sufficient to sustain both of Horton's convictions. Therefore, this claim is also dismissed.
 
 
 10
 Finally, Horton claims that he was misclassified as a career offender because neither of his 1982 convictions involved a "crime of violence" within the meaning of U.S.S.G. § 4B1.1. However, a "crime of violence" is defined as a crime that involves conduct which, by nature, presents the threat of serious physical injury, regardless of whether such injury resulted. U.S.S.G. § 4B1.1(1)(ii). Horton's 1982 state conviction for shooting a weapon into an occupied dwelling clearly presented a threat of serious physical injury of the type envisioned in U.S.S.G. § 4B1(1)(ii). Compare United States v. Thompson, 891 F.2d 507 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3694 (U.S.1990). Therefore, this claim is also without merit.
 
 III
 
 11
 In conclusion, we affirm Horton's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Reedy testified that the gun belonged to Horton