12 F.3d 204
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Joseph HOWINGTON, Petitioner-Appellant,
v.
William L. SMITH, Warden; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 92-7174.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1993.
Decided December 14, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Michael Joseph Howington, appellant Pro Se.
 Tarra R. Minnis, Office of the Attorney General of Maryland, for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and LUTTIG, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 Michael Joseph Howington, a Maryland state prisoner, appeals the district court's order denying his 28 U.S.C. Sec. 2254 (1988) petition challenging his convictions for murder, conspiracy to commit murder, and kidnapping. We affirm.
 
 
 2
 Howington raised four claims in his petition, none of which have merit. First, Howington asserted that the prosecutor knowingly presented false testimony because a witness, Barbara Howington, had made prior inconsistent statements under oath. The record reveals that the prosecutor made Mrs. Howington's prior statements known to the court and the defense counsel. Further, Mrs. Howington testified at trial that she was telling the truth and that she had lied previously to keep her husband out of prison, and out of fear of his co-conspirators. There is no evidence that Mrs. Howington was lying or that, if she was, the prosecutor knew she was doing so. See Thompson v. Garrison, 516 F.2d 986, 988 (4th Cir.1975) (habeas petitioner claiming prosecutor violated due process must show that prosecutor knew testimony was false).
 
 
 3
 Second, Howington claims that his consecutive sentences for murder and conspiracy to commit murder are multiple punishments under the Double Jeopardy Clause because the same evidence was used to prove both crimes.
 
 
 4
 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
 
 
 5
 Blockburger v. United States, 284 U.S. 299, 304 (1932). However, a substantive offense and the conspiracy to commit it are separate and distinct crimes not violative of the Double Jeopardy Clause, unless they are identical, Pereira v. United States, 347 U.S. 1, 11 (1954), which is not the case here. Moreover, if the crimes are not the same, a substantial overlap in the evidence presented to prove the offenses does not violate the Double Jeopardy Clause. Brown v. Ohio, 432 U.S. 161, 166 (1977).
 
 
 6
 Howington's third claim was that the trial judge punished him for not pleading guilty because he received a harsher sentence than a co-conspirator who entered a guilty plea. The mere fact that there is a disparity in the punishments between a co-defendant who pleads guilty and one who stands trial does not constitute a due process violation. United States v. Brainard, 745 F.2d 320, 323-24 (4th Cir.1984), cert. denied, 471 U.S. 1099 (1985).
 
 
 7
 Howington's final claim alleged that the evidence was insufficient to support his convictions because the only proof presented was the uncorroborated testimony of a co-defendant. This is sufficient to support a federal conviction. United States v. Figurski, 545 F.2d 389, 392 (4th Cir.1976). Moreover, there was other evidence of his guilt presented at trial. Hence, this claim is meritless.
 
 
 8
 Therefore, we affirm the district court's dismissal of Howington's petition and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED