47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Anthony SKEEN, Defendant-Appellant.
 No. 94-5352.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided Feb. 21, 1995.
 
 Lloyd F. Sammons, SAMMONS & SMITH, Alexandria, VA, for appellant. Helen F. Fahey, U.S. Atty., Marcus J. Davis, Asst. U.S. Atty., Andrew G. McBride, Asst. U.S. Atty., Alexandria, VA, for appellee.
 Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Anthony Skeen appeals his conviction on one count of conspiring to commit various federal offenses,[1] 18 U.S.C. Sec. 371 (1988), and seven counts of receipt and possession of firearms by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). Finding no error, we affirm the judgment and sentence in all respects.
 
 
 2
 * The evidence at trial, viewed in the light most favorable to the Government, established that in 1991, Skeen, a District of Columbia resident, worked at a Chrysler automobile dealership in Virginia. During that time, Skeen began buying guns from Roose, a Chrysler employee and licensed firearms dealer. Because Skeen was a convicted felon, however, he could not purchase the guns directly. Instead, Skeen and Roose conspired to create false paperwork reflecting that the guns were lawfully sold to Virginia residents. Skeen ordered eighteen guns from Roose in this manner.
 
 
 3
 Skeen and Roose removed the serial numbers from most of the guns, and Skeen resold them. At one point Skeen and Roose approached Stephan Foster, a Virginia resident and Chrysler employee, and asked him to sign as the purchaser for three of the guns. Foster testified at trial that he signed some blank forms and that Skeen later acknowledged receiving those guns. Skeen argues on appeal that the evidence was insufficient to sustain his conviction and that the district court erred in failing to permit Skeen to go outside of the jail to take a polygraph examination.
 
 II
 
 4
 We will not reverse a conviction for insufficiency of the evidence unless, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Additionally, it is within the sole province of the fact finder to sort through apparent inconsistencies in the evidence and assess the credibility of witness testimony. United States v. Russell, 971 F.2d 1098, 1109 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 5
 Skeen argues that the evidence was insufficient because Foster appeared to testify inconsistently concerning who actually received three of the guns. Foster testified on direct examination that although he signed as the purchaser, he never saw the guns, and Skeen later acknowledged receiving them. On cross-examination, however, Foster appeared to state that he, in fact, received the guns.[2] Skeen argues, therefore, that Foster's inconsistency casts doubt on Foster's credibility. Skeen also argues that in the absence of additional forensic evidence, the remaining inculpatory testimony from Roose was not sufficient to sustain a conviction.
 
 
 6
 We reject Skeen's challenge to the sufficiency of the evidence because to the extent Foster's testimony was inconsistent, the trial court was free to credit Foster's testimony that inculpated Skeen and discredit that portion that appeared exculpatory. The remaining evidence was more than sufficient to support the conviction. Roose testified in detail about each gun ordered and received by Skeen and the manner in which the two concealed their crimes. Roose's testimony was corroborated in part by Foster and by other witnesses whose names appeared as purchasers of the guns but who never actually ordered or received guns. This testimony was sufficient to sustain Skeen's conviction. See United States v. Figurski, 545 F.2d 389, 392 (4th Cir.1976) (holding that even uncorroborated accomplice testimony can suffice to support a conviction).
 
 III
 
 7
 Skeen also argues that the district court erred by failing to grant his motion to be permitted to leave the jail to take a polygraph examination. We reject this argument because the results from a polygraph examination are inadmissible as exculpatory evidence for the accused or to impeach a witness. United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3246 (U.S.1993). To the extent Skeen bases his argument on the possibility the Government would have dismissed the charges had he been allowed to take a polygraph examination, we reject that argument because it is too speculative to form a basis for error in the district court's order.
 
 
 8
 Skeen's conviction is accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Skeen was convicted of conspiracy to: make false statements to a licensed firearms dealer, 18 U.S.C.A. Sec. 924(a)(1)(A) (West Supp.1994); possess firearms by a felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994); transfer firearms to a non-Virginia resident, 18 U.S.C.A. Sec. 922(b)(3) (West Supp.1994); deal in firearms without a federal license, 18 U.S.C.A. Sec. 922(a)(1) (West Supp.1994); and transport firearms which had the manufacturer's serial number removed, 18 U.S.C.A. Sec. 922(k) (West Supp.1994)
 
 
 [2]
 The following colloquy transpired:
 Q: Sir, isn't it true that when you were involved with the weapons with Mr. Roose being the firearms dealer and you being the buyer, that when you filled out this 4473, that you indeed did get those weapons, isn't that true?
 A: Yes, sir.