UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-4919

ANTONIO GERARDO DOUGLAS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-4954

WILLIAM LEE JOHNSON,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-184-A)

Submitted: September 30, 1998

Decided: October 16, 1998

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph N. Bowman, Alexandria, Virginia; Richard Carnell Baker,
LAW OFFICE OF RICHARD CARNELL BAKER, P.C., McLean,

Virginia, for Appellants. Helen F. Fahey, United States Attorney, W. Neil Hammerstrom, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In these consolidated appeals, Antonio G. Douglas and William Lee Johnson appeal their convictions for conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1994). Specifically, Douglas and Johnson contend that the evidence was insufficient to sustain their convictions. Viewing the evidence, and the inferences to be drawn therefrom, in the light most favorable to the Government,[1] we hold that a rational juror could have found evidence sufficient to support the conspiracy convictions. Accordingly, we affirm.

Between January 1995 and March 1996, members of a drug gang known as the "5-5 Crew" purchased and sold various quantities of crack cocaine at locations throughout Prince William County, Virginia. The Government called numerous witnesses, most of whom were admitted drug dealers, who testified that Johnson regularly supplied members of the gang with distributable amounts of crack, and that Douglas was a member of the "5-5 Crew" who regularly purchased and sold cocaine. We address, in turn, the evidence adduced against Johnson and Douglas.

With regard to Johnson, six Government witnesses identified him as a regular supplier of large amounts of crack cocaine. One of those witnesses, Michael Wilkins, an admitted member of the "5-5 Crew,"

_____

[1] See Evans v. United States, 504 U.S. 255, 257 (1992).

2

testified that, in the late summer of 1996, he would purchase crack cocaine from Johnson several times a week. On occasion, Douglas would accompany Wilkins to these drug sales. Wilkins would contact Johnson by calling Johnson's pager. To corroborate Wilkins' testimony, the Government introduced telephone toll records which revealed that, within a three-month period, Wilkins placed approximately fifty-two calls from his cellular telephone to Johnson's pager.

Daniel McMahan also corroborated Wilkins' testimony. McMahan stated that "[e]verybody used to page [Johnson] to get some `crack.'"[2] He further testified that Johnson would supply Douglas with crack cocaine, and that on several occasions, he purchased crack cocaine from Johnson through Douglas.

In addition to Wilkins and McMahan, Government witnesses testified that they knew Johnson by his nickname, "Red Man." Moreover, several independently established that Johnson drove a gray pickup truck and identified photographs of locations where Johnson distributed crack cocaine.

With regard to Douglas, three Government witnesses testified that they had personally observed Douglas selling cocaine on a regular basis. An additional four witnesses testified that they had sold Douglas crack cocaine. Finally, the Government established that Douglas, in the presence of three law enforcement agents, had confessed to purchasing and selling crack cocaine. This confession identified the individuals from whom Douglas purchased drugs, as well as the dates and locations of these purchases.

The jury convicted Douglas and Johnson of conspiracy to distribute crack cocaine. The district court sentenced them to 360 months and 292 months imprisonment, respectively. This appeal followed.

Douglas and Johnson contest the sufficiency of the evidence to support their convictions. In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

_____

[2] J.A. at 213.

could have found the essential elements of the crime beyond a reasonable doubt."[3] The reviewing court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable."[4] Rather, "appellate reversal on grounds of insufficient evidence . . . [is] confined to cases where the prosecution's failure is clear."[5] Applying these principles, we affirm Douglas' and Johnson's convictions.

First, Douglas and Johnson claim that, despite a year-long investigation into the drug gangs' activities, the evidence which the Government relied upon in seeking their convictions was insubstantial. Both Douglas and Johnson note that investigators never recovered any crack cocaine from them, that they never participated in "controlled buys," and that there are no videotapes or audiotapes capturing their participation in drug transactions.

While we agree with Douglas and Johnson that the Government's evidence in this case was largely circumstantial, that is in no way fatal to the Government's case. Rather, "a conspiracy generally is proved by circumstantial evidence and the context in which the circumstantial evidence is adduced. . . . Indeed, a conspiracy may be proved wholly by circumstantial evidence."[6]  Therefore, the fact that the Government did not produce videotapes, audiotapes, drug money, or other

---

[3] **Jackson v. Virginia**, 443 U.S. 307, 319 (1979) (citation omitted).
[4] **United States v. Burgos**, 94 F.3d 849, 862 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).
[5] **Burks v. United States**, 437 U.S. 1, 17 (1978) (footnote omitted).
[6] **Burgos**, 94 F.3d at 857-58 (citations omitted).

As we noted in Burgos, although circumstantial evidence can sufficiently support a conspiracy conviction, the Government must still prove each element of the crime charged beyond a reasonable doubt. Id. Johnson, in his pro se supplemental brief, argues that the Government proved only that he was a drug dealer, not that he was involved in a conspiracy to distribute crack cocaine. We disagree. Our reading of the record leads us to the conclusion that a wide-reaching conspiracy existed among the members of the "5-5 Crew," and that by virtue of his numerous crack cocaine sales to the gang members, Johnson participated in this conspiracy.

4

tangible evidence does not necessarily result in a finding that a rational trier of fact could not have found Douglas and Johnson guilty of the conspiracy charges. Accordingly, we decline to disturb their convictions on this ground.

Second, Douglas and Johnson attack the credibility of the Government's witnesses. They correctly note that most of the Government's evidence consisted of testimony from convicted drug dealers, all of whom had received sentences of at least ten years. They are also correct in noting that several of the Government's witnesses were alleged coconspirators who pled guilty to the conspiracy charges at issue in this case. However, Douglas and Johnson are incorrect in stating that we should reverse their convictions because the Government "purchased the testimony of these witnesses"[7] and that these witnesses "were at the complete mercy of the government prosecutors."[8]

We have held that "determinations of credibility`are within the sole province of the jury and are not susceptible to judicial review.'"[9] Further, a conspiracy conviction may be predicated on even the uncorroborated testimony of an accomplice.[10] In the instant case, the Government's witnesses were placed before the jury"with all their foibles exposed -- their felony records, their drug use, [and] their incentives to earn a sentence reduction."[11] Ultimately, the jury was responsible for assessing the credibility of these witnesses. Therefore, we will not disturb the convictions on this ground.

Finally, Douglas contends that he never confessed to investigators that he sold or purchased drugs. To support his argument, he attacks the credibility of the two investigators who testified as to the confes-

_____

[7] Appellant's Br. at 11.
[8] **Id.** at 12.
[9] **Burgos**, 94 F.3d at 863 (quoting United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995)).
[10] **See United States v. Figurski** , 545 F.2d 389, 392 (4th Cir. 1976); see generally United States v. Rose, 12 F.3d 1414, 1425 (7th Cir. 1994) (noting that witnesses in criminal cases are frequently participants in the crimes at issue, and it is for the jury to decide their credibility).

[11] Appellee's Br. at 20-21.

sion. We reject this argument because, as stated above, such credibility determinations are strictly a matter for the jury. Accordingly, we decline to disturb Douglas' conviction on this ground.

We affirm Douglas' and Johnson's conspiracy convictions. We grant Johnson's motion to file a pro se supplemental brief, but find that the issues he raises therein are without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6